Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:   (415) 353-0990

Attorneys for Defendant
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT
erroneously named herein as CITY COLLEGE OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA THOMSEN,<br><br>      Plaintiff,<br>   vs.<br><br>CITY COLLEGE OF SAN FRANCISCO,<br><br>      Defendant. | Case No.:  CV08-3333 SBA<br><br>**RE-NOTICE OF DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S MOTION & MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT  [FRCP 12(b)(6), FRCP 12(e)]**<br><br>Date:  October 7, 2008<br>Time:  1:00 p.m.<br>Dept:  Courtroom 3, 3rd Floor<br><br>Honorable Saundra B. Armstrong |

**TO PLAINTIFF:**

PLEASE TAKE NOTICE that on October 7, 2008 at 1:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Saundra B. Armstrong in Courtroom 3, 3rd Floor, of the above-entitled court, located at 1301 Clay St., Ste. 400 S, Oakland, California, defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT ("DISTRICT"), erroneously named herein as CITY COLLEGE OF SAN FRANCISCO, will and does move this court to dismiss this action pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) and, in the alternative, move this Court for a more definite statement under Rule 12(e), because plaintiff's complaint fails to state a cause of action as to her federal claims, and the complaint is so vague and ambiguous that defendant cannot

prepare a meaningful response.

Defendant DISTRICT seeks to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure Rule (12)(b)(6) because the complaint fails to state a cause of action for general negligence against the DISTRICT, a public entity. Plaintiff also fails to state a cause of action for any implied federal claims.

Alternatively, the DISTRICT moves this Court for a more definite statement. Allegations in the complaint are undated, vague and unintelligible, precluding defendant from ascertaining the timeliness of plaintiff's claims and the application of certain affirmative defenses. In addition, the DISTRICT requests a jury trial in the above-named matter. The DISTRICT also moves to strike plaintiff's requests for punitive damages, in a motion to strike filed concurrently herewith.

This case was initially assigned to Magistrate Judge Bernard Zimmerman. Plaintiff declined to consent to proceed with Magistrate Judge Zimmerman and this case was re-assigned to Honorable Saundra B. Armstrong by an August 6, 2008 order. As directed by Judge Armstrong's standing orders, the DISTRICT attempted to meet and confer with plaintiff prior to filing this motion, and the accompanying motion to strike, by telephoning plaintiff's number of record, (415) 912-0619, on several occasions but received an error message. *See Declaration of Christine Lee ("C.Lee Decl.")* ¶ 3 &4. The DISTRICT sent plaintiff a meet and confer letter on August 13, 2008 to her address on record, 1823 Cabrillo Street, San Francisco, CA 94121, requesting a telephone call from plaintiff to discuss the motion. *See C.Lee Decl.* ¶ 5 & August 13, 2008 letter attached as Exhibit A. As of the date of this filing, the DISTRICT has not received a response from plaintiff. *See C.Lee Decl.* ¶ 6.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT ("DISTRICT"), erroneously named herein as CITY COLLEGE OF SAN FRANCISCO brings this motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted, and in the alternative moves for a more definite statement under Rule 12(e).

Plaintiff's complaint appears to protest plaintiff's alleged suspension from the DISTRICT on September 2007. Plaintiff seeks monetary compensatory damages for wage loss, hospital and medical expenses and loss of earning capacity, as well as punitive damages.

The form complaint contains a single cause of action for general negligence. The DISTRICT is a public entity and is immune from claims of general negligence. Further, plaintiff does not allege that she complied with the Tort Claims Act prior to filing her complaint.

To the extent that plaintiff intends to allege a claim for violation of Title IX of the Education Amendments Act of 1971 ("Title IX"), 20 U.S.C. § 1681, she does not state a cause of action because she does not allege she was treated differently on the basis of her sex and/or gender. Further, she does not state facts to show a causal connection between her complaint of sexual assault and her suspension to support a retaliation claim under Title.

Plaintiff makes the general statement that she is "also a disable [*sic*] student." To the extent plaintiff intends to assert a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, she fails to state a cause of action because she does not allege she was discriminated against on the basis of her disability. Plaintiff also includes an assertion that she was placed on disciplinary probation because she made a religious statement.

The DISTRICT cannot determine from plaintiff's complaint the actions for which plaintiff seeks redress. Further, the DISTRICT is unable to determine which legal theory plaintiff wishes to proceed under and therefore cannot ascertain which defenses may apply. Plaintiff does not provide the dates of her alleged meetings with the DISTRICT, the date of her religious statement, the date she was placed on disciplinary suspension, or the date she allegedly was accused of a terrorist threat. The DISTRICT cannot determine from the facts alleged whether plaintiff's claims are timely and are unable to form a meaningful response.

**II.   STATEMENT OF ISSUES TO BE DECIDED**

Pursuant to Northern District of California Local Rule 7-4(a)(3), the following is a statement of the issues to be decided by the Court:

1) Whether plaintiff fails to state a claim upon which relief can be granted against DISTRICT for general negligence because the DISTRICT is immune from claims of

|   |   |
|---|---|
|   | general negligence and because plaintiff failed to allege compliance with the Tort Claims Act. |
| 2) | If plaintiff attempts to state a cause of action for violation of Title IX, whether she fails to state a claim upon which relief can be granted because she fails to allege she was discriminated against on the basis of her sex and/or gender. |
| 3) | If plaintiff attempts to state a cause of action for retaliation under Title IX, whether she fails to state a claim upon which relief can be granted because she fails to allege facts to show her suspension had a causal connection to her protected activity. |
| 4) | If plaintiff attempts to state a cause of action for disability discrimination under the ADA, whether she fails to state a claim upon which relief can be granted against DISTRICT because she fails to allege the discrimination was by reason of her disability. |
| 5) | If plaintiff attempts to claim a violation of Title IX, whether claims based on the May 2005 incident are untimely. |
| 6) | Whether plaintiff's complaint is so vague and ambiguous that a more definite pleading is required. |

### III.    RELEVANT FACTS

Plaintiff filed this action on June 9, 2008, in the Superior Court of California, for the County of San Francisco. On July 10, 2008, the DISTRICT removed the action to this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In support of a claim for general negligence, plaintiff claims she was sexually assaulted by a teacher in May 2005. *Complaint p.4.* She reported this incident immediately to the dean of students and allegedly "was totally ignored." *Id.* At some point, she had a meeting with a chancellor but did not obtain relief. *Id.* At another meeting in September 2007, she was suspended indefinitely. *Id.* On some date prior to the suspension, she was placed on disciplinary probation because of a religious statement she made. *Id.* Plaintiff alleges she is a disabled student. *Id.*

Plaintiff further alleges she was "falsely accused of a terriost [*sic*] threat, simply because I made a report about a teacher who attempt to rape at his home, by higher autority igored [*sic*] me when bought [*sic*] to there [*sic*] attention." *Complaint p.3.* In the section of the complaint addressing

venue, plaintiff states: "Deprive of education because spoke up about a [*sic*] attempt rape by a teacher and was falsely accused of a terrist [*sic*] threat by making a religous [*sic*] statement. Filed with U.S. Department of Education under title IX for discrimination." *Complaint p.2*.

## IV.   LEGAL ARGUMENT

### A.   AUTHORITY FOR MOTION.

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. *Levine v. Diamanthuset*, 950 F.2d 1278, 1483 (9th Cir. 1991). Dismissal of claims is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1990). In determining the adequacy of a pleading, the court must determine whether plaintiffs would be entitled to some form of relief if the facts alleged in the complaint were true. *Conley v. Gibson* 355 U.S. 41, 45-46 (1956); *De La Cruz v. Tormey* 582 F.2d 45, 48 (9th Cir. 1978). However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

### B.   THE DISTRICT IS IMMUNE FROM CLAIMS OF GENERAL NEGLIGENCE.

The DISTRICT is immune from common law tort claims. Pursuant to California Government Code section 815 "[a] public entity is not liable for an injury," "[e]xcept as otherwise provided by statute." In *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925 (1998), the Supreme Court held: "Under the California Tort Claims Act, a public entity is not liable for injury arising from an act or omission except as provided by statute. Thus, in California, all government tort liability must be based on statute." *Id.* at 932.

As the court in *Zelig v. County of Los Angeles*, 27 Cal. 4th 1112 (2002) observed, "'the intent of the [Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities,

but to confine potential governmental liability to rigidly delineated circumstances.'" *Id.* at 1127 (internal citations omitted).

Under the Tort Claims Act, an action for money or damages may not be maintained against a public entity unless a written claim for damages is timely presented to the public entity defendant and rejected in whole or in part. Cal. Govt. Code §§ 905, 905.2 & 945.4. In order to plead a valid cause of action for money or damages against a public entity, a plaintiff must allege compliance with the claim procedure or the existence of circumstances excusing compliance. Cal. Govt. Code § 945.4; *Chase v. State*, 67 Cal. App. 3d 808 (1977).

Here, plaintiff does not identify a statute which imposes liability against the DISTRICT. Further, plaintiff does not allege she complied with the Tort Claims Act. She has not stated a valid claim for general negligence against the DISTRICT.

**C. PLAINTIFF HAS NOT STATED A CLAIM FOR VIOLATION OF TITLE IX BECAUSE SHE DOES NOT CLAIM THE DISTRICT DISCRIMINATED AGAINST HER ON THE BASIS OF HER SEX AND SHE DOES NOT ALLEGE FACTS TO SHOW A CAUSAL LINK FOR A RETALIATION CLAIM.**

Plaintiff does not identify which statute she intends to proceed under in her statement of facts. However, in the section of the form complaint that addresses venue, plaintiff states she was deprived of her education in violation of Title IX.

Title IX states, in relevant part, "[n]o person in the United States shall, <u>on the basis of sex</u>, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" 20 U.S.C.A. § 1681(a) (emphasis added). According to the plain language of 20 U.S.C.A. § 1681(a), the discrimination must be "on the basis of sex". *Id*.

Discrimination "on the basis of sex" means treating a person in a way that would be different but for the person's sex. *See Jeldness v. Pearce*, 30 F.3d 1220, 1234 (9th Cir. 1994) (Kleinfeld, J. dissenting opinion). In order to be actionable, the conduct by the entity receiving federal funds must be gender-based; allegedly abusive conduct that is not grounded in gender does not state a Title IX claim. *See* 20 U.S.C.A. § 1681(a); *Seamons v. Snow*, 84 F.3d 1226 (10th Cir. 1996) (affirming the dismissal of plaintiff's cause of action under Title IX for failure to state a claim upon which relief

1 could be granted because the plaintiff failed to allege sufficient facts to show that school's conduct
2 was based on his sex) (reversed and remanded on other grounds *Seamons v. Snow*, 206 F.3d 1021,
3 1024 (10th Cir. 2000).

4 In order to state a retaliation claim, a plaintiff must show a causal connection between the
5 alleged protected activity and the adverse action. *See Jordan v. Clark*, 847 F.2d 1368, 1375 (9th Cir.
6 1988) (Title VII case). "Causation sufficient to establish the third element of the prima facie case
7 may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff
8 engaged in protected activities and the proximity in time between the protected action and the
9 allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987)
10 (Title VII case).

11 "The cases that accept mere temporal proximity between an employer's knowledge of
12 protected activity and an adverse employment action as sufficient evidence of causality to establish a
13 prima facie case uniformly hold that the temporal proximity must be 'very close.' *Neal v. Ferguson*
14 *Constr. Co.*, 237 F.3d 1248, 1253 (CA10 2001). See, e.g*., Richmond v. Oneok, Inc*., 120 F.3d 205,
15 209 (10th Cir. 1997) (3-month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-1175
16 (7th Cir. 1992) (4-month period insufficient). Action taken (as here) 20 months later suggests, by
17 itself, no causality at all." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274 (2001) (Title
18 VII case).

19 Here, plaintiff does not allege she was discriminated against based on her sex or gender. To
20 the extent she wishes to bring a retaliation claim under Title IX, plaintiff asserts she was suspended in
21 September 2007 for reporting two and a half years earlier, in May 2005, that she had been sexually
22 assaulted by a teacher. These events occurred thirty months apart and do not state facts sufficient to
23 show a causal connection to support a claim of retaliation under Title IX. The untenable nature of
24 plaintiff's retaliation claim is supported by the fact that the statute of limitations has run for a Title IX
25 claim regarding the May 2005 incident, as discussed below.

26 **D.    TITLE IX CLAIMS RELATED TO THE MAY 2005 INCIDENT ARE UNTIMELY**.

27 "Title IX claims are subject to the applicable state statute of limitations for personal injury
28 actions." *Stanley v. Trs. of the Cal. State Univ*., 433 F.3d 1129, 1136 (9th Cir. 2006). California

1  Code of Civil Procedure section 335.1 provides for a two-year statute of limitations for personal
2  injuries. Cal. Civ. .Pro. § 335.1.
3      Plaintiff asserts she was sexually assaulted in May 2005 and thereafter immediately reported
4  the incident to the DISTRICT.  The statute of limitations for any Title IX claim ran on May 2007.
5  This complaint was filed on June 9, 2008.  Any Title IX claim based on the May 2005 incident is
6  untimely.  On page 3 of her complaint, plaintiff alleges she was "falsely accused of a terriost [*sic*]
7  threat, simply because I made a report about a teacher who attempt to rape at his home, by higher
8  autority igored [*sic*] me when bought [*sic*] to there [*sic*] attention."  To the extent plaintiff attempts to
9  base a Title IX violation on the May 2005 incident, her claim is barred.

**E. PLAINTIFF HAS NOT STATED A CLAIM FOR VIOLATION OF THE ADA BECAUSE SHE DOES NOT ALLEGE SHE WAS DISCRIMINATED AGAINST BASED ON HER DISABILITY.**

Plaintiff does not identify which title of the ADA she intends to invoke against the DISTRICT.  To the extent that plaintiff wishes to proceed under Title II of the ADA, she must show: (1) she is a "qualified individual with a disability"; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability.  *Weinreich v. Los Angeles County Metropolitan Transportation Authority,* 114 F.3d 976, 978 (9th Cir. 1997).

Plaintiff states she is a disabled student, but she does not allege facts to show that she is a qualified individual with a disability.  Further, she does not allege she was excluded from participation in the DISTRICT'S programs or activities or that she was denied the benefits of the DISTRICT'S services, programs or activities by reason of her disability.  Absent such allegations, she had not stated a claim for violation of the ADA.

**F.  PLAINTIFF'S COMPLAINT IS VAGUE AND UNINTELLIGIBLE.**

Rule12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."

1   While the DISTRICT acknowledges that a motion for a more definite statement under Rule 12(e) is a disfavored motion, here, plaintiff's complaint is so deficient that a more definite statement should be required.  The DISTRICT is left to infer and interpret plaintiff's vague writings to determine what legal violations plaintiff alleges.  Plaintiff fails to identify what the DISTRICT did to violate her rights.  She claims she was suspended from the DISTRICT in September 2007, but it is unclear what plaintiff asserts was the reason for the suspension.  Plaintiff claims she was retaliated against for complaining about a sexual assault, but also states that she was placed on disciplinary probation for making a religious statement.  She alleges she was accused of making a terrorist threat because she made a report about a teacher, but fails to provide the date, circumstances or other details about the accusation.  Her last statement is: "Also a disabled student."  The DISTRICT is unable to determine the legal theory under which plaintiff intends to proceed and therefore cannot formulate a meaningful response to the complaint.

Further, plaintiff does not provide the date she made her religious statement, the date of her disciplinary probation, the date of her alleged meeting with a chancellor, or the date she was accused of making a terrorist threat.  The DISTRICT cannot determine whether such claims are time barred or otherwise barred by failure to timely file a government claim.

## V.   CONCLUSION

For these reasons, the DISTRICT respectfully requests that this Court dismiss plaintiff's complaint or, in the alternative, order plaintiff to submit a more definitive statement against the DISTRICT.  Further, the DISTRICT respectfully submits a request for a jury trial in the event that the court does not grant its motion to dismiss plaintiff's complaint in its entirety.

Dated: August 25, 2008                                         BERTRAND, FOX & ELLIOT

By: _____/s/_____
EUGENE B. ELLIOT
CHRISTINE LEE
Attorneys for Defendant
SAN FRANCISCO COMMUNITY COLLEGE
DISTRICT