Eugene B. Elliot, State Bar No. 111475
Christine Lee, State Bar No. 231617
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, California 94109
Telephone:   (415) 353-0999
Facsimile:    (415) 353-0990

Attorneys for Defendant
SAN FRANCISCO COMMUNITY COLLEGE DISTRICT
erroneously named herein as CITY COLLEGE OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA THOMSEN,<br><br>    Plaintiff,<br>  vs.<br><br>CITY COLLEGE OF SAN FRANCISCO,<br><br>    Defendant. | Case No.:   CV08-3333 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT** |

Defendant SAN FRANCISCO COMMUNITY COLLEGE DISTRICT (hereinafter "DISTRICT"), *erroneously named herein as* CITY COLLEGE OF SAN FRANCISCO'S Motion to Dismiss plaintiff SANDRA THOMSEN'S complaint, or in the alternative, Motion for More Definitive Statement, came on regularly for hearing on October 7, 2008 in Courtroom 3 of this Court. Plaintiff appeared in pro per and Christine Lee appeared for defendant.

The moving papers having been considered and all argument presented,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rules 12(b)(6) be GRANTED.

To the extent that plaintiff attempts to assert a claim for general negligence, she fails to state a cause of action because the DISTRICT is immune from common law tort claims. *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998). Further, plaintiff failed to allege compliance with the

1

[PROPOSED] ORDER GRANTING DEFENDANT SAN FRANCISCO COMMUNITY COLLEGE DISTRICT'S
MTN TO DISMISS/MORE DEFINITE STATEMENT—SBA

1  California Tort Claims Act.  Cal. Govt. Code § 945.4; *Chase v. State*, 67 Cal. App. 3d 808 (1977).

2  Plaintiff fails to state a cause of action under Title IX because she does not state that she was discriminated against on the basis of her sex and/or gender.  *See* 20 U.S.C.A. § 1681(a); *Seamons v. Snow*, 84 F.3d 1226 (10th Cir. 1996) (reversed and remanded on other grounds *Seamons v. Snow*, 206 F.3d 1021, 1024 (10th Cir. 2000)).

To the extent plaintiff attempts to claim retaliation in violation of Title IX, she does not state facts sufficient to show a causal link between the protected activity and the retaliatory conduct because the protected activity took place over two years prior to the alleged retaliatory conduct.  *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-274 (2001) (Title VII case).

To the extent that plaintiff attempts to assert Title IX claims based on the May 2005 incident, her claims are untimely because her complaint was filed more than two years after the alleged incident.  *Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006).

Plaintiff fails to state a cause of action under the Americans with Disabilities Act because she does not allege that the DISTRICT discriminated against her on the basis of her disability.  *Weinreich v. Los Angeles County Metropolitan Transportation Authority,* 114 F.3d 976, 978 (9th Cir. 1997).

Moreover, plaintiff's complaint was composed in such a way that it was impossible for defendants to formulate a meaningful response.  Plaintiff is directed to amend her complaint to identify which legal theory she intends to invoke, and to state how her rights were violated.  She must identify the dates of each action and identify the statutory basis for each cause of action, where applicable.

The first amended complaint should be filed and served within ten days of this order.  Failure to file an amended complaint within ten days of this order subjects the complaint to dismissal.

IT IS SO ORDERED.

Dated: _____          _____
                                 HONORABLE SAUNDRA B. ARMSTRONG