IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDRA THOMSEN,  
        Plaintiff,  
  v.  
CITY COLLEGE OF SAN FRANCISCO,  
        Defendant.  
                           /

No. C 08-3333-SBA

**ORDER**

[Docket Nos. 3, 5]

This matter is before the Court on Defendant 's motion to strike [Docket No. 3] and motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket No. 5].

Having read, heard and considered the arguments presented by the parties at the hearing on October 7, 2008, and in the papers submitted to the Court, the Court hereby GRANTS Defendant's motion to strike and GRANTS Defendant's motion to dismiss and hereby DISMISSES the Complaint WITHOUT PREJUDICE.

**BACKGROUND**

**A. Procedural History**.

Pro se plaintiff is Sandra Thomsen, a former San Francisco Community College student. Defendant is San Francisco Community College District (erroneously sued as City College of San Francisco) (hereinafter "District").

Ms. Thomsen alleges she was suspended indefinitely from the school in retaliation for reporting an attempted rape by a school instructor who was tutoring her in math. Ms. Thomsen filed this action in state court and defendant removed it on June 10, 2008.

Ms. Thomsen's complaint appeared to bring claims under Title IX of the Education Amendments of 1972 to the Civil Rights Act of 1964, 20 U.S.C. § 1681 *et seq.* ("Title IX"), and possibly pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VI of the Civil Rights Act of 1964, 20 U.S.C. §2000d, *et seq.* The Defendant's motion was

unopposed and when plaintiff appeared at the hearing to oppose the motion, she was directed by the Court to file a written opposition and clarify her claims. [Docket No. 26]. The supplemental briefing was received on October 14, 2008. [Docket No. 27]. The defendant filed reply briefs on October 21, 2008. [Docket Nos. 31-32].

### B. Factual Background

Ms. Thomsen was a student at the City College (District) of San Francisco. During the spring 2005 semester, a math teacher, who had offered to help her with geometry outside of class, allegedly sexually assaulted her. In May 2005, the instructor disciplined Thomsen by removing her from class, which Ms. Thomsen claims was further harassment. Thomsen claims she immediately reported this incident to Affirmative Action and then to Mark Robison, the Dean of Students, "but was totally ignored."

Indeed, the plaintiff submitted an "Unlawful Discrimination Formal Complaint Form" on June 8, 2005. [Docket No. 35, Ex. A], which was received by Associate Dean Jackson on June 9, 2005. [Ex. B]. On October 11, 2005, Associate Dean Jackson notified the plaintiff that she had completed an investigation of the allegations of sexual harassment and retaliation with the assistance of an outside investigator, in order to insure the impartiality of the investigation. Both Jackson and the outside investigator concluded there was insufficient evidence to support a finding of probable cause to believe that sexual harassment or unlawful retaliation occurred. The plaintiff was notified of her right to appeal the administrative determination within 15 days and her right to file a complaint with the Office of Civil Rights of the U.S. Department of Education. [Ex. C]. On October 31, 2005, Jackson notified the Chancellor's Office of the California Community Colleges that Thomsen had not appealed the administrative determination, which made the District's findings final. [Ex. D].

Sometime between May 2005 and September 2007, Ms. Thomsen admits to making the following statement: "pray for me that the devil doesn't triump[h] over me." According to the plaintiff, the District determined the statement to be a terrorist threat and placed her on disciplinary probation during an August 30, 2007 meeting. Ms. Thomsen contends that her comment was a religious statement and not a terrorist threat.

During a "final meeting" with Chancellor Santos in September 2007, Ms. Thomsen was indefinitely suspended. Ms. Thomsen contends that her suspension is simply a form of retaliation by the District for her attempts to report the sexual harassment in 2005.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true. *Syverson v. IBM Corp.*, 472 F.3d 1072, 1075 (9th Cir. 2007). Conclusory allegations of law, unwarranted deductions of fact, or unreasonable inferences, however, are insufficient to defeat a motion to dismiss. *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 n.5 (9th Cir. 2005); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. *See Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005), *cert. denied*, 546 U.S. 1172 (2006); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). "[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990).

## ANALYSIS

**I.    Motion to Dismiss**

    **A.    Title IX**

Section 1681(a) of Title 20 states, in pertinent part;

> No person in the United States shall, *on the basis of sex*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .

20 U.S.C. § 1681(a) (emphasis added).

Discrimination "on the basis of sex" means treating a person in a way that would be different but for the person's sex. *See Jeldness v. Pearce*, 30 F.3d 1220, 1234 (9th Cir. 1994) (Kleinfeld, J. dissenting opinion). In order to state a retaliation claim, a plaintiff must show a causal connection between the alleged protected activity and the adverse action. *See Jordan v. Clark*, 847 F.2d 1368, 1375 (9th Cir.1988) (Title VII case).

3

"The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001), citing Neal *v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). *See e g., Richmond v. Oneok, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (3-month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-1175 (7th Cir. 1992) (4-month period insufficient).

A retaliation claim under Title IX may be based upon an allegation that retaliation occurred because a student reported sexual harassment by a teacher. *See Smith v. Metropolitan School Dist. Perry Tp.,* 128 F.3d 1014, 1021 (7th Cir. 1997) (holding that "a teacher's sexual harassment of a student constitutes discrimination 'on the basis of sex' for the purpose of Title IX"); *see also Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 75 (1992) (Title IX's language prohibiting discrimination "on the basis of sex" includes sexual harassment by a teacher of a student); *Canutillo Indep. Sch. Dist. v. Leija*, 101 F.3d 393, 396 (5th Cir.1996) (for purposes of this appeal, we assume that discrimination 'on the basis of sex' includes sexual abuse of a student by a teacher."); *Rosa H. v. San Elizario Indep. Sch. Dist*., 106 F.3d 648, 660 (5th Cir.1997) (sexual harassment constitutes sex discrimination under Title IX).

The plaintiff's claim fails, however, because the evidence does not reveal a causal connection between filing a charge of discrimination on June 8, 2005, and her suspension from school in September 2007. There are two allegedly retaliatory measures that follow the June 8, 2005 complaint to Associate Dean Jackson but they do not occur until Thomsen is put on probation on August 30, 2007 and suspended indefinitely in September 2007, over two years later. Sometime in between, but there is no indication when, Thomsen makes the statement "pray for me that the devil doesn't triump[h] over me" which the District allegedly determines is a terrorist threat and for which it puts her on disciplinary probation. Ms. Thomsen contends that her comment was a religious statement and not a terrorist threat.

Thomsen also declares "I also have letters and date where and when in these meeting I had from 2005 up until the suspension in 2007 of these discrimination statement and the names of the

4

1 people who made them." That is the extent of her supplemental allegations and they continue to
2 suffer from the lack of specificity the Court instructed her to cure.

3 The two-year time lapse between the protected activity in 2005 (complaining of sexual
4 harassment) and the allegedly retaliatory suspension 2007 has not been bridged by the plaintiff in
5 her supplemental declaration. The case law suggests that "temporal proximity between . . .
6 knowledge of a protected activity and an adverse . . . action as sufficient evidence of causality to
7 establish a prima facie case uniformly hold that the temporal proximity must be 'very close'." *See,*
8 *e.g. Clark County Sch. Dist. v. Breeden*, at 273-74 (stating that in a Title VII case, action taken 20
9 months later suggests no causality at all); *see also* the cases cited above in which 3 and 4 months
10 were insufficient to establish proximity. The time between Ms. Thomsen's complaint of sexual
11 harassment on June 8, 2005, and the District's disciplinary action in September 2007, is too
12 attenuated to establish causality on its own.

13 Because Thomsen is unable to show a causal connection between the alleged protected
14 activity and the adverse action, the Court GRANTS the defendant's motion and dismisses the claim.
15 *See Jordan* at 1375 (9th Cir. 1988).

16 **B.    The ADA**

17 To prove a public program or service has violated Title II of the ADA, 42 U.S.C. § 12131 *et*
18 *seq.*, a plaintiff must show: (1) he or she is a "qualified individual with a disability"; (2) he or she
19 was either excluded from participation in or denied the benefits of a public entity's services,
20 programs, or activities, or was otherwise discriminated against by the public entity; and (3) such
21 exclusion, denial of benefits, or discrimination was by reason of his or her disability. *Weinreich v.*
22 *L.A. County Metro. Transp. Authority*, 114 F.3d 976, 978 (9th Cir. 1997).

23 Ms. Thomsen stated in the complaint that she is a disabled student. She did not, however,
24 state any facts that link her disability to discriminatory conduct by the District. Given the
25 opportunity to amend the complaint, Thomsen alleges nothing further with respect to saving her
26 ADA claim. In her Declaration, Thomsen states: "I am and presently a disable student who suffers
27 from post traumic stress syndrome." [Decl., p. 1]. There is nothing more. Because the complaint
28 fails to state a cognizable disability claim the Court GRANTS the defendant's Motion to Dismiss the

5

ADA claim.

**C.     Title VI claim for discrimination on the basis of religion and race**.

An education program receiving federal assistance under Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 et seq, is subject to the same non-discrimination principles articulated by Title VII of the Civil Rights, 42 U.S.C 2000e et seq, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d, which prohibits discrimination on the basis of race, color, national origin or religion in education.

The plaintiff claims that she was suspended in retaliation for complaining of sexual harassment but also for making a comment which the school reportedly perceived to be a terrorist threat but which actually was a religious comment. The statement she made was "pray for me that the devil doesn't triump[h] over me." Taking the factual allegations of the Complaint as true, as the Court must on a motion to dismiss, the Court GRANTS the defendant's motion because no cognizable Title VI claim is stated by the allegation.

**D.     State law claim.**

Defendant construes the Complaint to include a state law tort claim for assault that should be dismissed for failure to file a government claim and for immunity reasons. Plaintiffs who sue a public entity for damages for personal injury must, as a general rule, comply with California Government Claims Act (the "Act"), Cal. Gov. Code § 900 *et seq.* Under the Government Code, persons seeking money or damages from California public entities, except for certain exceptions inapplicable here, must comply with the claims presentation requirements of the Act. Cal. Gov. Code § 905; *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 737-38, 171 P. 3d 20 (2007).

A claim for a personal injury must be presented within six months of accrual. Gov. Code § 911.2(a); *State of Cal. v. Super. Ct. (Bodde),* 32 Cal. 4th 1234, 1239 (2004). Until a claimant has properly presented a claim to a public entity, and the public entity has acted on it or it is deemed rejected in accordance with the Act, a claimant may not file suit against that entity.[1] Gov. Code § 945.4; *Bodde,* 32 Cal.4th at 1239. The failure to timely present a claim bars a person from filing a

---

[1] A plaintiff, however, who sues *prior* to presenting a claim, will not be barred from suing, if post-suit they timely present a claim under the Act. *Bodde,* 32 Cal.4th at 1243-44.

6

lawsuit against that entity. *Id.* In addition, a plaintiff's "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to [dismissal] for failure to state a cause of action." *Id.*

Ms. Thomsen was granted leave to allege compliance with the Act or a reason she should be excused from doing so. The defendant has submitted exhibits that demonstrate that Thomsen filed a formal charge of discrimination, which was denied, and which she did not appeal. Once her complaint was rejected by the defendant, plaintiff could file her lawsuit, according to the terms of the Act. The defendant also gave the plaintiff notice that she could file a complaint with the Department of Education. [Ex. C]. The defendant's administrative determination became final on October 27, 2005. [Def.'s Ex. D]. The statute of limitations to bring a personal injury action is two (2) years. Cal. Civ. P. 335.1. This statute of limitation is applied to a Title IX claim based on personal injury, which includes, a civil rights violation. *Stanley v. Trs. of the Cal State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006) (holding Title IX claims are subject to the applicable state statute of limitations for personal injury actions which, as of 2004, is two years). Thus, the statute of limitations on both the Title IX claim and a state law assault claim ran on October 27, 2007. Thomsen filed this action on July 10, 2008. The claims based on personal injury are time-barred. Accordingly, the Court GRANTS the defendant's motion to dismiss the claims on the grounds that the action was untimely filed.

**II.    Rule 12(f) Motion to Strike**.

The defendant also moved to strike the plaintiff's claim for punitive damages. This motion is also GRANTED.

Section 818 of the Government Code bars an award of punitive damages against a public entity. "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant." *Kizer v. County of San Mateo*, 53 Cal.3d 139, 145-46, 279 Cal.Rptr. 318 (1991) (section 818 bars punitive damages).

In addition, punitive damages may not be awarded under Title IX, Title VI, or the ADA. *Barnes v. Gorman* holds that "under Title IX, which contains no express remedies, a recipient of

federal funds is nevertheless subject to suit for compensatory damages, and injunction, forms of relief traditionally available in suits for breach of contract." *Barnes v. Gorman*, 536 U.S. 181, 188 (2002). The Court continued, "Title IX, like Title VI, provides for traditional contract remedies, which does not generally include punitive damages."

## CONCLUSION

For the reasons stated above, the Court GRANTS the defendant's Motion to Dismiss and Motion to Strike and DISMISSES the complaint in its entirety. The Clerk is instructed terminate all dates and close the file.

IT IS SO ORDERED.

Dated: 11/20/08

Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMSEN et al, | Case Number: CV08-03333 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| CITY COLLEGE OF SAN FRANCISCO et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sandra Thomsen
1823 Cabrillo Street
San Francisco, CA 94121

Dated: November 21, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk